Allen P.
This case presents the same question as to *103 tlie competency of tlie maker to be examined as a witness, which was raised in the case of Mills v. The Central Savings Bank. The circumstances being alike in every particular, as to this matter, the cases were argued together. For the reasons assigned in the other case I think the deposition of the witness was properly excluded.
In this case however there are other questions presented which must be considered.
The first exception taken by the defendants in the court below, was to the refusal of the County court to continue the cause when regularly called, in consequence of the surprise of one of the counsel of said defendants, and the personal inconvenience to which he would be subjected if the trial was then pressed. The original counsel of the defendants was in court and alleged no want of preparation. It was not alleged that any witness or other evidence was absent. And the want of preparation as to one of the counsel was merely that he had not examined the papers or considered the questions of law involved.
The cause assigned furnished no legal grounds for a continuance. It was a question between the counsel and the clients, and addressed itself to the courtesy of the bar, but did not authorize th& eomt to continue against the consent of the other party.
After the motion to continue was overruled, a motion was made to remove the cause to the Circuit court because it had been pending in the County court more than twelve months. The court properly refused to remove the cause at that time, as has been decided in the case of Spengler v. Davy, 15 Gratt. 381.
From the second bill of exceptions it appeared that two interrogatories had been propounded to the plaintiff in pursuance of the Code p. 667, ch. 176, § 38.
The first interrogatory was in these wnrds, “From *104 whom did you get the note in suit?” To which the plaintiff had responded in the following words—“I got the note in suit from the defendant John Crawford, who, so far as p pa(p any knowledge, was the .owner of it.”— The defendants’ counsel moved to strike from the answer, the last clause as not responsive. I think there was no error in overruling this motion. The object of the interrogatory would seem to have been to ascertain not so much from what person the holder obtained the nóte, for that appeared by the endorsements and was alleged in the declaration, which averred the endorsement by John Crawford the last endorser to the plaintiff, but to ascertain in what character he endorsed, -whether as a mere accommodation endorser or agent for the maker or some previous endorser, or as owner for value. In this view the clause was directly responsive to the substantial purport of the interrogator. If that was not the object of the interrogatory, it does not appear how the clause objected to was material, and if immaterial it does not appear how it could have injured the defendants.
The second interrogatory required the plaintiff to say if he got the note from Crawford, what did he pay him for it. *
Although the record does not show that issue was made up upon the plea of usury after the cause was remanded to the County court, yet it appears from the bills of exception and has been conceded in argument here, that the case was tried on both pleas. And as the defendants below got the benefit of the defence, the decisions of the court must be construed with reference to these joint pleas in which all the defendants below united, and upon which the cause was tried.
The plaintiff having refused to answer the second interrogatory propounded, the defendants moved the court to compel him to answer it, avowing, in submitting their *105 motion, their purpose to be to ascertain what the plaintiff had paid to Crawford for the note, in order to fix the measure of his recovery against said Crawford; and not to force the plaintiff to discover usury in the transaction. The motion to compel him to answer was overruled and the defendants excepted. In one aspect of this interrogatory a question might arise as to the measure of recovery, whether the amount of the face of the note or the sum actually paid by the holder.
The cases in this State of Whitworth v. Adams, 5 Rand. 333; McNeil & Turner v. Baird, 6 Munf. 316; Wilson v. Lazier, 11 Gratt. 477; would seem to establish that the bona fide holder, the question of usury being out of the case, is entitled to recover from all the parties the amount of the face of the note. So that if the case stood alone upon the plea of nil debet the answer to the interrogatory would have been immaterial, and the defendants were not injured by the refusal to compel the plaintiff to respond to the interrogatory.
The interrogatory was objectionable on another ground; the discovery sought was of a matter personal to the last endorser. The previous endorsers, there being no question of usury, would be liable for the amount of the face of the note. The action and plea were joint, and a joint judgment must have followed. If the last endorser had desired to raise the question, and it could have availed him, there should have been a separate plea. But there is still another and decisive objection to the motion, an objection made at the time as appears from the bill of exceptions; that is that the said defendants should have withdrawn their defence of usury, before the plaintiff should have been required to answer the interrogatory.
The Code ch. 176, § 38, p. 667, authorizes the court to require answers to interrogatories such as the person to whom they are propounded would be bound to answer upon a bill of discovery. The bill of dis *106 C0vei7 referred to, means the pure bill of discovery as understood in equity practice; McFarland v. Hunter, 8 Leigh 489; and not a bill for discovery and relief. And the party to a cause is not bound to answer interrogatories which may subject hhn to a penalty or forfeiture. Under the general provisions of the law, a bill for the discovery of usury could not be maintained even if the plaintiff expressly waived any right to the penalty or forfeiture. For by the Code p. 577, ch. 141, § 11, the penalties and forfeiture go to the commonwealth and informer, were not vested in the plaintiff seeking the discovery, and could not be released by him. So no disclosure could be enforced. The 3rd section of the act of 1819 compelled a discovery at the suit of a borrower; and if it appeared there was usury, obliged the creditor to accept his principal money without any interest, and pay costs; and discharged him from all other jxenalties of the act. The Code p. 577, ch. 141, §7, authorizes a similar bill, compels a discovery, and provides' that the lender shall recover where there is more than' lawful interest reserved, only his principal money without interest, and pay the costs; but does not like the act of 1819, in express words discharge him from the other penalties of said act. And it may be a question, in consequence of this omission, whether the party may not be compelled to answer notwithstanding the penalties are not released. Such construction would not conform to the spirit of the common law, which, as judge Baldwin remarked in Poindexter v. Davis, 6 Gratt. 481, 490, jealous of the liberty of the citizen protects him from being made his own accuser, or forced to give evidence against himself. In conformity with these principles I should be inclined to construe the act in the Code as not having changed the rule; and that where a discovery was made under the 7th section before referred *107 to, the party would not he subjected thereby to the other penalties of the act. »
Be this as it may, the bill authorized by the Code, cli. 141, § 7, is not a pure bill of discovery, referred to by the law authorizing the propounding of interrogatories; but .a bill for discovery and relief, and for relief of a peculiar kind, which can alone be administered in a court of equity, and for which the machinery of a court of law is not adapted. The relief given is to be administered by a court of equity according to its own mode, and the remedy is given by statute only upon bill filed to be relieved from all but the principal money. The provision being one by which upon the discovery all interest is forfeited, should be strictly construed, and restricted to the mode and the tribunal referred to in the statute. I think therefore as long as the defendants in the court below insisted on their defence of usury, the plaintiff in the action was not bound to answer the interrogatory, and so give evidence which on the jilea of usury might invalidate the note.
The paper referred to in the last bill of exceptions, executed by the plaintiff in the court below to John Crawford, was intended to ojierate as a release to Crawford only upon the contingency that the previous endorsers were discharged. It reserves the right to proceed against him with the previous endorsers;, and therefore did not dispense with a release from Crawford to the maker to render him competent.
Unless all the endorsers could be discharged by his testimony invalidating the note, the jirior endorsers would be liable to the last endorser. The release conld not enure to the benefit of the last endorser until all were so discharged, and until such discharge the maker continued liable for the five per cent, damages on the amount paid by any endorser on a judgment recovered against him.
*108 I think there is no error in the judgment to the prejudice of the plaintiffs in error, and that the same should he affirmed, with damages according to law, and costs.
The other judges concurred in the opinion of AllejtP.
Judgment Afpiemed.